GONZALES, Judge,
concurring.
I concur in the result. Under the facts of this case, the motorist was stopped for suspicion of driving under the influence of alcoholic beverages, was advised of his rights and refused to submit to a chemical test for intoxication. His license was seized by the officer pursuant to La.R.S. 32:667(A)(1). The motorist then timely made a written request for an administrative hearing under La.R.S. 32:667(A)(2). Although we have no record of the administrative hearing, no authority has been presented to us which authorizes the Department of Public Safety to revoke the license for 180 days or any other time period where such request for a hearing has been made.
Louisiana Revised Statute 32:666 provides that when a law enforcement officer requests that a person submit to a chemical test, he first must read a standardized form in accord with La.R.S. 32:661, which informs the person of:
(a) His constitutional rights under Miranda v. Arizona,
*1148 (b) That his driving privileges can be suspended for refusing to submit to the chemical test; and
(c) That his driving privileges can be suspended if he submits to the chemical test and such test results show a blood alcohol level of .10 percent or above.
Louisiana Revised Statute 32:666(B) provides that if the motorist refuses to submit to the chemical test after being informed of the consequences of such refusal, the officer shall submit a sworn report stating that he had reasonable grounds to believe that the arrested person had been driving or was in actual physical control of a motor vehicle upon public highways of this state while under the influence of alcoholic beverages or any abused or illegal controlled dangerous substance. Louisiana Revised Statute 32:666(A)(1) provides for seizure of the motorist’s license as provided under La.R.S. 32:667. Louisiana Revised Statute 32:667(B)(1) provides that after the license has been seized, if the motorist had not made a written request for an administrative hearing within thirty days, the license shall be suspended for 180 days for refusal to submit to the test on first refusal. However, no statute gives the standard or criteria for suspending the license where the motorist refused to submit to the chemical test and made a timely written request for an administrative hearing. Louisiana Revised Statute 32:414 provides for revocation of a drivers license for 90 days upon receiving satisfactory evidence of conviction or of the entry of a guilty plea or of the forfeiture of the bail of any person charged with first offense for operating a motor vehicle under the influence of beverages of high alcoholic content, of low alcoholic content, of narcotic drugs, or of central nervous system stimulants; however, there is no similar standard for refusal to submit to a chemical test where an administrative hearing is requested. These statutes are in need of legislative attention.